IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN DAVIS,[1] | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0781-D |
| | ) | |
| LUPE VALDEZ, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on August 14, 2008, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: At the time of filing this action, Plaintiff was confined at the Dallas County Jail, in Dallas, Texas. He was thereafter transferred to the Spruce Unit of Vernon State Hospital in Vernon, Texas. Defendants are Dallas County Sheriff Lupe Valdez, Dallas County District Attorney Craig Watkins, Judge Don Adams, Assistant Public Defender Mark Nancarrow, and the following Dallas County Jail employees: Lt. Myers, Sgt. Helgeson, and Officer Nelms.

The court did not issue process in this case, pending preliminary screening. On May 14, 2008, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on

---

[1] Plaintiff's prisoner number is currently unknown. While confined at the Dallas County Jail his prisoner number was #07042675. Following his transfer to the Spruce Unit of Vernon State Hospital, Plaintiff has made reference to the following prisoner number: #F 08908.

August 12, 2008.

Statement of Case: The complaint, as supplemented by the answers to the magistrate judge's questionnaire, alleges generalized conspiracies to violate civil rights stemming from delays in Plaintiff's criminal prosecution and the conditions of his pre-trial confinement at the Dallas County Jail for approximately one year. (Complaint at 4 and attachments, and Answer to Questions 1-3). Plaintiff seeks monetary damages (which he refers to as "wages").[2]

A search of the Dallas County website reflects that in April, June and August 2007, Plaintiff was charged with two felony offense for aggravated robbery with a deadly weapon, and one felony offense for evading arrest. *See* http://www.dallascounty.org; Cause Numbers F07-51063, F07-53419, and F07-72638. In June 2008, the court found him incompetent to stand trial in all three cases. *Id.* On September 9, 2008, the trial court issued a bench warrant in No. F07-51063.

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable

---

[2] In addition to monetary damages, Plaintiff requests that all Defendants be fired. Such a request is not cognizable in this civil rights action.

to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact.*"* *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S.Ct. 1955, 1968-69 (2007).

The court liberally construes Plaintiff's complaint with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint should be dismissed as frivolous or for failure to state a claim.

At the outset, the court notes that the complaint, as supplemented by the answers to the questionnaire, raises conditions of confinement claims that are factually frivolous. In *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992), the Supreme Court recognized that a court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" The latter category encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Id.* at 33, 112 S. Ct. at 1733.

The following allegations describe fantastic and/or delusional scenarios which are clearly irrational and incredible. Plaintiff accuses Defendant Valdez and her subordinates of conducting

3

a federal government "study," while he was incarcerated at the Dallas County Jail, which endangered his life, required numerous cell reassignments and the administration of psychotic medication, and repeatedly postponed his court dates. (Answer to Question 4-5). It appears the Defendants were administering this "study" by having "intoxicating fumes coming from [the] vent" in Plaintiff's cell. (Answer to Question 6). Plaintiff was often subjected to sleeping drugs, which were released from the air vents, and to disciplinary write up which ultimately led to a camera being placed in the air vents. (Answer to Question 11).

Plaintiff's remaining conditions of confinement claims are subject to dismissal for failure to exhaust administrative remedies, a mandatory requirement for an action challenging prison conditions. *See Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001)); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Although failure to exhaust is an affirmative defense under the PLRA, *Jones v. Bock*, 549 U.S. 199, ___, 127 S.Ct. 910, 921 (2007), "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 327 -328 (5th Cir. 2007).

Plaintiff's own allegations in the complaint concede that he did not fully exhaust his

4

administrative remedies prior to filing this action. Although he initially checked the "yes" box he later scratched it out and marked the "no" box, which confirms that he did not exhaust both steps of the grievance procedure. (Complaint at 3 ¶ III). The handwritten notes on the margins right above or below paragraph III also confirm that Plaintiff has yet to exhaust his administrative remedies. Above the "yes/no" box, he writes "Yes, I've exhausted; resubmitted grievances." (Id.) Below the "yes/no" box, he writes he did not exhaust "because both steps [of the grievance process] are never used (I've resubmitted)." He also states: "Steps 2 grievance never supplied or used during my stay." (*Id.*).

Despite the inherent inconsistencies in the above written notes, it is clear that as of the filing of the complaint Plaintiff had resubmitted his grievance to Dallas County Jail officials and was waiting for a response. In light of the pendency of his grievance, the court must conclude that Plaintiff had not exhausted both steps of the administrative remedy process prior to filing the complaint in this case. The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added); *see also Johnson*, 385 F.3d at 515; *Harris v. Hegmann,* 198 F.3d 153, 157 (5th Cir. 1999). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell*, 162 F.3d at 891 (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)). Therefore, Plaintiff's conditions of confinement claims should be dismissed at the screening stage for failure to exhaust administrative remedies.

Even if Plaintiff could satisfy the exhaustion requirement, his conditions of confinement

5

claims would be subject to dismissal as frivolous. His conspiracy allegations are conclusory at best. The complaint, as supplemented by the answers to the questionnaire, fails to present a cognizable conspiracy claim. (Complaint at 3-4 and answers to Questions 15-17). A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement between the defendants to inflict a wrong or injury upon the plaintiff and an overt act that results in damages. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979).

In the present case, the complaint and answers to the questionnaire are totally devoid of any allegation of facts which would permit an inference that any of the Defendants conspired in any way to deprive Plaintiff of his constitutional rights. The complaint neither alleges facts showing an agreement between the Defendants nor that the they ever met to discuss Plaintiff's prosecution or the conditions of his confinement at the Dallas County Jail. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Hale*, 786 F.2d at 690 (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

Next Plaintiff seeks to sue Watkins and Valdez because of their respective titles as Dallas County District Attorney and Sheriff. He has failed to allege that either Watkins or Valdez was personally involved in any constitutional deprivation other than for being the District Attorney and Sheriff for Dallas County on or about the time Plaintiff was indicted and incarcerated as a pre-trial detainee. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). "As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional

violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (same).

In addition, any claim for monetary damages against the District Attorney is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S. Ct. 502 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).

Any claim for monetary damages against Judge Adams is also barred by the doctrine of absolute immunity. According to Plaintiff, Judge Adams repeatedly failed to schedule his case for a court hearing. Even assuming the truth of the above statement, it is self-evident that any actions taken by Judge Adams with respect to Plaintiff's pending criminal charges where done in his capacity and function as a judge, which in and of itself renders him immune from a suit for monetary damages. *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S. Ct. 1099 (1978); *see also Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995).

Lastly, Plaintiff seeks to sue Mark Nancarrow, his court appointed defense attorney for failing to protect his rights. Plaintiff alleges that Nancarrow "showed me what it's like to be tossed around the Dallas County Jail System with no court appearances or event [sic] Defender/client visitation for months upon months." (Answer to Question 14).

Plaintiff cannot establish that the alleged actions or inactions of his defense attorney

occurred under color of state law for purposes of §1983. Neither appointed nor retained counsel acts under color of state law in representing a defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 324, 102 S. Ct. 445, 453 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).[3]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED as factually and/or legally frivolous, and for seeking monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B) and 1915A(b).

Signed this 11th day of September, 2008.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds

---

[3] To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.